IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH PECKTAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-01006 |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## JOINT REPORT ON THE RULE 26(f) MEETING AND JOINT DISCOVERY/CASE MANAGEMENT PLAN

Plaintiff Joseph Pecktal ("Plaintiff" or "Pecktal") and Defendant Hartford Life and Accident Insurance Company ("Defendant" or "Hartford") submit this Joint Report on the Rule 26(f) Meeting and Joint Discovery/Case Management Plan pursuant to this Court's April 15, 2014 Order For Conference.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The meeting took place via conference call on August 6, 2014. Counsel for the Plaintiff was Lennon Wright and counsel for Defendant was Lisa Magids.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   No related cases are pending in any state or federal court.

3. **Specify the allegation of federal jurisdiction.**

   ERISA, pursuant to 29 U.S.C. § 1132(e)(1)

4. **Name the parties who disagree and the reasons.**

   None.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None.

6. **List anticipated interventions.**

    None.

7. **Describe class-action issues.**

    None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    This case is exempt from initial disclosures under Federal Rule 26(b)(i). However, the parties have agreed to exchange disclosures by August 22, 2014.

9. **Describe the proposed agreed discovery plan, including:**

    A. Responses to all the matters raised in Rule 26(f).

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    C. When and to whom the defendant anticipates it may send interrogatories.

    D. Of Whom and by when the plaintiff anticipates taking oral depositions.

    E. Of Whom and by when the defendant anticipates taking oral depositions.

    F. List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    G. List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    No discovery is anticipated, as this case falls under the ERISA and will be decided on the basis of a review of the administrative record and the briefing filed by the parties.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

    Defendant does not plan to seek discovery on any topic, and instead objects to any discovery in this matter because, with limited exceptions not implicated in this case, judicial review of the claims determinations in an ERISA case is restricted to consideration of the administrative record. *See Vega v. Nat'l Life Ins. Servs., Inc.,* 188 F.3d 287, 299 (5th Cir. 1999) (en banc). Defendant contends that under ERISA

jurisprudence, judicial review of the claims determinations at issue in this case is confined to the administrative record. *See Vega v. Nat'l Life Ins. Servs.*, 188 F.3d 287, 299-300 (5th Cir. 1999); *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999) (citing *Wildbur v. Arco Chem. Co.*, 974 F.2d 631, 635 (5th Cir. 1992)). The purpose of confining the district court's review to the evidence presented to the plan administrator is to promote ERISA's goal of prompt and efficient claims resolution by plan fiduciaries. In the Fifth Circuit's en banc *Vega* decision, the Court stated, " . . . with respect to material factual determinations--those that resolve factual controversies related to the merits of the claim—the court may not consider evidence that is not part of the administrative record." 188 F.3d at 300. Accordingly, discovery on any disputed fact on which Hartford relied is unnecessary and inappropriate. *See id*.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

12. **State the date the planned discovery can reasonably be completed.**

    N/A

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties have agreed to engage in informal settlement discussions.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have agreed to engage in informal settlement discussions.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

    The Parties believe that Mediation may be appropriate at a later date after further development of the case and after the parties have pursued informal settlement discussions, but not at this time. The parties will select a mediator if they determine that mediation would be appropriate and assist in the resolution of this case.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    No.

18. **Specify the number of hours it will take to present the evidence in this case.**

    The parties agree that the case should be decided on the administrative record and the parties' briefing related thereto.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

20. **List other motions pending.**

    None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

22. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    For the Plaintiff:
    Lennon C. Wright
    Texas State Bar No. 22048600
    924 E. 25th Street
    Houston, Texas 77009
    Telephone:  (713) 654-7878
    Facsimile:  (713) 869-3223


    For the Defendant:
    Michael H. Bernstein (MB 0579)
    (appearing PRO HAC VICE)
    SEDGWICK LLP
    225 Liberty Street, 28th Floor
    New York, New York 10281
    Telephone:  (212) 422-0202
    Facsimile:  (212) 422-0925

    Lisa Magids
    Texas State Bar No. 24002600
    SEDGWICK LLP
    919 Congress Ave., Suite 1250
    Austin, Texas 78701
    Phone:  512.481.8479
    Facsimile:  512.481.8444

Respectfully submitted,


      /s/ *Lennon C. Wright*      
Lennon C. Wright
Texas State Bar No. 22048600
924 E. 25th Street
Houston, Texas 77009
Telephone:  (713) 654-7878
Facsimile:  (713) 869-3223

**ATTORNEY FOR PLAINTIFF**
**JOSEPH PECKTAL**


      */s/ Lisa Magids*      
Michael H. Bernstein (MB 0579)
(appearing PRO HAC VICE)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone:  (212) 422-0202
Facsimile:  (212) 422-0925

Lisa Magids
Texas State Bar No. 24002600
SEDGWICK LLP
919 Congress Ave., Suite 1250
Austin, Texas 78701
Phone:  512.481.8479
Facsimile:  512.481.8444

**ATTORNEYS FOR DEFENDANT**
**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY**