IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH PECKTAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-01006 |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

# DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant") files its Amended Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and states as follows:

**I.**

1.  Defendant admits that records exist in the Administrative Record that relate to various conditions and diagnoses, but Defendant denies that Plaintiff is disabled as that term is defined by the Plan Documents. Defendant admits that on or about October 24, 2012, Defendant approved LTD benefits for Defendant. Defendant denies that Plaintiff is entitled to any additional benefits and denies the remaining allegations in paragraph 1.

2.  Defendant admits that on or about October 24, 2012, Defendant approved LTD benefits for Defendant. Defendant denies that Plaintiff is entitled to any additional benefits and denies the remaining allegations in paragraph 2.

3. Defendant admits that Plaintiff now brings this action under the laws of ERISA and that ERISA applies to this action.  Defendant admits that Plaintiff was enrolled in a group employee welfare benefit plan as defined by 29 U.S.C. § 1002(1), which plan was sponsored by his employer, administered by Hartford, and governed by ERISA.  Defendant denies that Plaintiff is entitled to any additional benefits and denies the remaining allegations in paragraph 3.

4. Defendant admits that Plaintiff has asserted an allegation under Section 502(a)(2) of ERISA, denies that it is liable to Plaintiff, denies Plaintiff is entitled to any additional benefits and denies the remaining allegations of paragraph 4.

5. Defendant admits that Plaintiff has asserted an allegation under Section 502(g)(1) of ERISA, denies that this section of ERISA applies to this action, denies that it is liable to Plaintiff for any attorney fees, denies that Plaintiff is entitled to any additional benefits and denies the remaining allegations of paragraph 5.

6. Defendant admits that Plaintiff has asserted an allegation under Section 502(c) of ERISA, denies that this section of ERISA applies to this action, denies that it is liable to Plaintiff for any statutory penalties, denies Plaintiff is entitled to any additional benefits and denies the remaining allegations of paragraph 6.

### III.

7. Defendant denies each and every allegation contained in the Prayer of Plaintiff's Amended Complaint and denies that any of the requested relief is available to the Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

**8.** Plaintiff's purported causes of action, if any, arise solely under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA").  To the extent Plaintiff's Original Petition alleges causes of action outside of ERISA and seeks

remedies not provided for by ERISA, they are preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

## SECOND AFFIRMATIVE DEFENSE

9. Plaintiff's demand for attorneys' fees and costs should be denied under ERISA, 29 U.S.C. § 1132(g), because Hartford's defenses to this action are reasonable, correct, and made in good faith.

## THIRD AFFIRMATIVE DEFENSE

10. Plaintiff's recovery, if any, is limited to the terms, conditions, exclusions and other provisions of the Plan and ERISA.

## FOURTH AFFIRMATIVE DEFENSE

11. Defendant has complied with and performed all of its promises, obligations, and duties to Plaintiff, if any, under the Plan and ERISA.

## FIFTH AFFIRMATIVE DEFENSE

11. Plaintiff's Original Petition fails to state a claim upon which relief can be granted in that, *inter alia*, Plaintiff did not meet the Plan definition of disability when Hartford denied his claim.

## SIXTH AFFIRMATIVE DEFENSE

12. The LTD decision was neither arbitrary nor capricious, the applicable standard of review to be applied in this action. Defendant Hartford is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine benefits under the Plan and to construe the terms of the Plan. Hartford is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously,

which its actions were not. Therefore, the Court cannot disturb Hartford's determination concerning Plaintiff's claims.

## SEVENTH AFFIRMATIVE DEFENSE

13. Under the arbitrary and capricious standard of review, judicial inquiry is limited to the administrative record. Therefore, because the administrative record shows that Plaintiff's LTD claim under the Plan was appropriately denied and neither arbitrary nor capricious, the claims decision must be upheld.

## EIGHTH AFFIRMATIVE DEFENSE

14. Even if Plaintiff was entitled to the benefits sought under the Plan, which Defendant expressly denies, such entitlement at this time would not mean that Plaintiff would be entitled to unlimited future benefits under the Plan given, *inter alia*, the possibility of Plaintiff's recovery, as well as the effect of different requirements, exclusions and/or limitations of the Plan.

## NINTH AFFIRMATIVE DEFENSE

15. Even if Plaintiff was entitled to the disability benefits sought under the Plan, which entitlement is denied, to the extent Plaintiff has received or is eligible to receive benefits under the Social Security Act or any other income benefits as defined by the Plan, Plaintiff's benefit amount is subject to reduction pursuant to the terms of the Plan.

## TENTH AFFIRMATIVE DEFENSE

16. To the extent that Plaintiff seeks benefits through and beyond the date that his claim was denied, the Court's review is limited to the evidence contained in the administrative record of Plaintiff's claim for benefits at the time the decision was rendered. No determination has been made with respect to Plaintiff's entitlement to benefits under the Plan beyond the time

period following Hartford's benefit decision; and, should Plaintiff prevail in the action, the appropriate relief would be an order overturning the decision and remanding the claim for consideration of benefits.

## ELEVENTH AFFIRMATIVE DEFENSE

17. Plaintiff is not entitled to interest under ERISA pursuant to *Flint v. ABB, Inc.*, 337 F. 3d 1326 (11th Cir. 2003), because the Plan does not explicitly provide for interest and such relief is not otherwise available under ERISA.

## TWELTH AFFIRMATIVE DEFENSE

18. All actions about which Plaintiff complains were either required or permitted by applicable law.

## RELIEF REQUESTED

Defendant asks that (i) the Court dismiss Plaintiff's Original Petition with prejudice and judgment be entered in its favor; (ii) alternatively, to the extent the Original Petition asserts claims exclusive of those available under ERISA, they be dismissed; (iii) the Court award Defendant its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and (iv) the Court grant such other relief as is appropriate under the circumstances of this case.

Respectfully submitted,

/s/ *Lisa Magids*

Michael H. Bernstein (MB 0579)
(PRO HAC VICE pending)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925
Email:  michael.bernstein@sedgwicklaw.com

Lisa Magids
Texas State Bar No. 24002600
USDC Southern District of Texas No. 22023
SEDGWICK LLP
919 Congress Ave., Suite 1250
Austin, Texas 78701
Telephone: (512) 481-8479
Facsimile:  (512) 481-8444
Email:  lisa.magids@sedgwicklaw.com

**ATTORNEYS FOR DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on November 17, 2014, I electronically filed the foregoing Answer with the Clerk of the Court Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Lennon C. Wright
924 E. 25th Street
Houston, Texas  77009

/s/ *Lisa Magids*
LISA MAGIDS